# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

## SECOND AMENDED CHAPTER 13 PLAN COVER SHEET

Filing Date: __10/01/10__　　　　　　　　　Docket #: __10-20830-WCH__

Debtor: Anthony McClean　　　　　　　　　Co-Debtor: _____

SS#: __xxx-xx-7073__　　　　　　　　　　　SS#: _____

Address: 862-864 Centre Street　　　　　　　Address: _____

　　　　Brockton, MA. 02302

Debtor's Counsel: __Paul D. McCarthy__

Address: __McCarthy and Molloy__

　　　　__80 Sandra Lane__

　　　　__North Andover, MA. 01845__

Telephone #: __(978) 975-4190__

Facsimile #: __(866) 843-6431__

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. §341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE FILING OF THIS AMENDED PLAN TO OBJECT TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

## OFFICIAL LOCAL FORM 3
## PRE-CONFIRMATION SECOND AMENDED CHAPTER 13 PLAN

Docket No: 10-20830-WCH

DEBTORS: (H) Anthony McClean                SS#:xxx-xx-7073

I.  PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the Trustee the sum of $3,145.00 for the term of:

| | | |
|---|---|---|
| _____ | 36 Months. | 11 U.S.C. § 1325(b)(4)(A)(i); |
| __x__ | 60 Months. | 11 U.S.C. § 1325(b)(4)(A)(ii); |
| _____ | 60 Months. | 11 U.S.C. § 1322(d)(2). Debtor avers the following cause: |

_____        Months. The Debtor states as reasons therefore:

II.  SECURED CLAIMS:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| One West Bank | 1st Mortgage *** | $261,989.31 |

Total of secured claims to be paid through the Plan:       $261,989.31

B. Claims to be paid directly by debtor(s) to creditors (not through Plan):

Creditor        Description of Claim
   none

This includes the regularly scheduled monthly payment, not including the monthly prorated payments for real estate taxes and homeowners insurance.

C. Modification of Secured Claims:

| Creditor | Details of Modification | Amt. of claim to be paid through Plan |
|---|---|---|
| One West Bank | *** | $166,388.85 |

\*\*\* The Debtor is proposing a bifurcation of the *One West Bank Non-Purchase Money First Mortgage* as allowed pursuant to 11 U.S.C. §1322(b)(2). The cramdown amount is to be $215,000.00 which would be paid over a five (5) year period at a commercial rate of interest of 6.25% with monthly payments of $2,820.15 per month payable in equal monthly payments until the 59th month of the plan at which time the remaining balance shall be paid by the Debtor directly to the creditor, One West Bank by refinancing the existing mortgage and thereby discharging the secured creditor, One West Bank. The remaining balance at the end of the 59th month will be $95,600.46, leaving a loan to value of $44.00% based on the current agreed market value of $215,000.00. The cramdown reflects the current market value of the subject property as agreed to by the first mortgagee, One West Bank and the Debtor.

D. Leases:

   i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of _____; or

   ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of _____

   iii. The arrears under the lease to be paid under the plan are _____.

III. PRIORITY CLAIMS:

A. Domestic Support Obligations:      $     593.53

| Creditor | Description of Claim | Amount of Claim $ |
|---|---|---|

B. Other:

| Creditor | Description of Claim | Amount of Claim $ |
|---|---|---|
| | | $ |
| | | $ |

Total of Priority Claims to Be Paid Through the Plan:     $     593.53

IV. ADMINISTRATIVE CLAIMS:

A. Attorneys Fees (to be paid through the plan):    $  2,800.00 ***
*** The initial attorney fees collected at the inception of the case was $2,500.00. There is $1,000.00 owed as allowed without court approval of a fee application and an additional $1,800.00 anticipated in attorney's fees. The additional $1,800.00 in attorney fees has not been and will not be paid without court approval of such compensation pursuant to 11 U.S.C. §329 and M.L.B.R. 2016.

B. Miscellaneous Fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
|  |  | $ |
|  |  | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

V. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of 0.00% of their claims.

A. General unsecured claims    $192,124.00

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| One West Bank | 1st Mortgage | $190,436.77 |
| Home Loan Services | 2nd Mortgage | $ 63,534.00 |

- Home Loan Services has a purchase second money mortgage claim that is deemed wholly unsecured and its mortgage, dated on September 29, 2004 and recorded on September 29, 2004 at the Plymouth County Registry of Deeds in Book 29161 Page 165 shall be void upon completion of the Debtor's Chapter 13 Plan and the court's issuance of a discharge under 11 U.S.C. §1328(a).

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
|  |  | $ |
|  |  | $ |

Total of Unsecured Claims (A + B + C):                                   $446,094.77**

D. Multiply total by percentage:                                                 $
(Example: Total of $00,000.00 x .00 dividend = $0,000.00)

** Of the total unsecured claims, $145,487.00 of those unsecured claims are unliquidated and contingent claims.

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
|  |  | $ |
|  |  | $ |

Total amount of separately classified claims payable at ____%:    $

VI.   OTHER PROVISIONS:

A. Liquidation of assets to be used to fund plan: _____

_____

_____

B. Miscellaneous Provisions:

_____

_____

_____

_____

_____

VII. CALCULATION OF PLAN PAYMENT:

a) Secured claims (Section I-A Total): $166,388.85

b) Priority claims (Section II-A & B Total): $     593.53

c) Administrative claims (Section III-A&B Total): $  2,800.00

d) Regular unsecured claims (Section IV-D Total):+ $       0.00

e) Separately classified unsecured claims: $       0.00

f) Total of a + b + c + d + e above:   =   $169,782.38

g) Divide (f) by .90 for total including Trustee's fee:

Cost of Plan =    $188,647.09

(This represents the total amount to be paid into the Chapter 13 Plan.)

h) Divide (g), Cost of Plan, by Term of Plan, ___60___ months

i) Round up to nearest dollar for Monthly Plan Payment:   $  3,145.00

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed.
Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

VIII. LIQUIDATION ANALYSIS

A.    Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| 862-864 Centre Street Brockton, MA 02302 | $145,000.00 | $422,308.00 |

Total Net Equity for Real Property:   $     0.00

Less Total Exemptions (Schedule C):   $     0.00

Available Chapter 7:   $     0.00

  B.  Automobile (Describe year, make, model): 2003 Chevy Tahoe
                   1999 Ford 150

    Value $5,925.00  Lien $ 10,230.00  Exemption $ 5,925.00

    Value $ 857.00  Lien $ 0.00  Exemption $ 875.00

| | |
|---|---|
| Total Net Equity: | $ 875.00 |
| Less Total Exemptions (Schedule C) | $ 875.00 |
| Available Chapter 7: | $ 0.00 |

  C.  All other Assets: (All remaining items on schedule B): (Itemize as necessary)

_____

_____

| | |
|---|---|
| Total Net Value: | $57,100.00 |
| Less Exemptions (Schedule C): | $57,100.00 |
| Available Chapter 7: | $ 0.00 |

  D.  Summary of Liquidation Analysis (total amount available under Chapter 7):
Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ 0.00

  E.  Additional Comments regarding Liquidation Analysis:

_____
_____
_____
_____
_____
_____
_____
_____

IX.    SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

/s/ Paul D. McCarthy                              04/06/12
Debtors Attorney                                  Date

Attorney's Address:   80 Sandra Lane
                      North Andover, MA 01845
                      Tel. # (978) 975-4190
                      Email Address: Info@mccarthyandmolloy.com


I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACE ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

/s/ Anthony McClean                               04/06/12
Debtor                                            Date